```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -  x
                                        :
UNITED STATES OF AMERICA                :
          - v. -                        :
                                        :   SEALED INDICTMENT
BYRON ESTRADA,                          :
DEANNA SALMON,                          :   S10 12 Cr. 859 (VM)
     a/k/a "D,"                         :
RUBEN DARIO RESTREPO-HOYOS,             :
     a/k/a "El Loco,"                   :
     a/k/a "El Viejo,"                  :
     a/k/a "Alex Tamayo,"               :
SERGIO SEBASTIAN ZULETA-PALAEZ,         :
     a/k/a "Sebastian,"                 :
     a/k/a "Ronaldo,"                   :
JEAN CARLOS PINEDA-ZAPATA,              :
     a/k/a "Poposky,"                   :
CHRISTIAN GUZMAN,                       :
SANTIAGO POSADA,                        :
     a/k/a "Tostada,"                   :
WENDY SORROZA,                          :
ELIE MARCELIN,                          :
     a/k/a "Eli,"                       :
JOHN PAUL CUNTO,                        :
     a/k/a "JP,"                        :
ERROL CLARKE,                           :
     a/k/a "Bert,"                      :
ONEIL WILSON,                           :
     a/k/a "O,"                         :
JEAN TYRONE CARVAJAL-HURTADO,           :
     a/k/a "Tairo,"                     :
JUAN DIEGO ARROYAVE-PEREZ,              :
     a/k/a "Spagos,"                    :
     a/k/a "Espago,"                    :
JUAN FERNANDO TORRES-PALACIO,           :
     a/k/a "Pinito,"                    :
JUAN MAURICIO ZAPATA-FLORES,            :
     a/k/a "Pepe,"                      :
NELSON DE JESUS ARIAS-VALENCIA,         :
     a/k/a "Mijo,"                      :
JOSE LUIS AVENDANO-OSORIO,              :
     a/k/a "Primo,"                     :
LUIS ARTEAGA, JR.,                      :
KATIE HERNANDEZ, and                    :
EDSON RODRIGUEZ,                        :
     a/k/a "Pele,"                      :
                                        :
                         Defendants.    :
- - - - - - - - - - - - - - - - - - -  x
```

**ORIGINAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 0 2013

COUNT ONE

The Grand Jury charges:

1.  From at least in or about March 2012, up to and including in or about December 2012, in the Southern District of New York and elsewhere, BYRON ESTRADA, DEANNA SALMON, a/k/a "D," RUBEN DARIO RESTREPO-HOYOS, a/k/a "El Loco," a/k/a "El Viejo," a/k/a "Alex Tamayo," SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," JEAN CARLOS PINEDA-ZAPATA, a/k/a "Poposky," CHRISTIAN GUZMAN, SANTIAGO POSADA, a/k/a "Tostada," WENDY SORROZA, ELIE MARCELIN, a/k/a "Eli," JOHN PAUL CUNTO, a/k/a "JP," ERROL CLARKE, a/k/a "Bert," ONEIL WILSON, a/k/a "O," JEAN TYRONE CARVAJAL-HURTADO, a/k/a "Tairo," JUAN DIEGO ARROYAVE-PEREZ, a/k/a "Spagos," a/k/a "Espago," JUAN FERNANDO TORRES-PALACIO, a/k/a "Pinito," JUAN MAURICIO ZAPATA-FLORES, a/k/a "Pepe," NELSON DE JESUS ARIAS-VALENCIA, a/k/a "Mijc," JOSE LUIS AVENDANO-OSORIO, a/k/a "Primo," LUIS ARTEAGA, JR., KATIE HERNANDEZ, and EDSON RODRIGUEZ, a/k/a "Pele," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that BYRON ESTRADA, DEANNA SALMON, a/k/a "D," RUBEN DARIO RESTREPO-HOYOS, a/k/a "El Loco," a/k/a "El Viejo," a/k/a "Alex Tamayo," SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo,"

JEAN CARLOS PINEDA-ZAPATA, a/k/a "Poposky," CHRISTIAN GUZMAN, SANTIAGO POSADA, a/k/a "Tostada," WENDY SORROZA, ELIE MARCELIN, a/k/a "Eli," JOHN PAUL CUNTO, a/k/a "JP," ERROL CLARKE, a/k/a "Bert," ONEIL WILSON, a/k/a "O," JEAN TYRONE CARVAJAL-HURTADO, a/k/a "Tairo," JUAN DIEGO ARROYAVE-PEREZ, a/k/a "Spagos," a/k/a "Espago," JUAN FERNANDO TORRES-PALACIO, a/k/a "Pinito," JUAN MAURICIO ZAPATA-FLORES, a/k/a "Pepe," NELSON DE JESUS ARIAS-VALENCIA, a/k/a "Mijo," JOSE LUIS AVENDANO-OSORIO, a/k/a "Primo," LUIS ARTEAGA, JR., KATIE HERNANDEZ, and EDSON RODRIGUEZ, a/k/a "Pele," the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

    3.    The controlled substances involved in the offense were: (i) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A); (ii) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (iii) 50 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(C).

Overt Acts

    4.    In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among

others, were committed in the Southern District of New York and elsewhere:

      a. In or about March 2012, BYRON ESTRADA and SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," the defendants, recruited a co-conspirator not named as a defendant herein ("CC-1"), to transport heroin from Colombia to the United States.

      b. In or about March 2012, JEAN TYRONE CARVAJAL-HURTADO, a/k/a "Tairo," JUAN DIEGO ARROYAVE-PEREZ, a/k/a "Spagos," a/k/a "Espago," and JUAN FERNANDO TORRES-PALACIO, a/k/a "Pinito," the defendants, provided CC-1 with approximately 2.2 kilograms of heroin in Colombia to import into the United States.

      c. On or about March 20, 2012, CC-1 traveled from Colombia to Newark, New Jersey, in possession of approximately 2.2 kilograms of heroin.

      d. On or about March 26, 2012, JOSE LUIS AVENDANO-OSORIO, a/k/a "Primo," the defendant, asked CARVAJAL-HURTADO and TORRES-PALACIO to obtain documentary evidence of CC-1's arrest in the United States.

      e. On or about August 2, 2012, SANTIAGO POSADA, a/k/a "Tostada," the defendant, traveled to New York, New York, to meet with ESTRADA regarding a heroin transaction.

      f. On or about August 5, 2012, ESTRADA sent EDSON RODRIGUEZ, a/k/a "Pele," the defendant, to pick up

4

narcotics proceeds from POSADA in Massachusetts.

   g. On or about August 5, 2012, POSADA provided a sample of heroin to a potential customer in Massachusetts.

   h. On or about August 10, 2012, POSADA had a discussion with CARVAJAL-HURTADO about arranging for two narcotics couriers to import cocaine into the United States by cruise ship.

   i. On or about August 15, 2012, JEAN PAUL CUNTO, a/k/a "JP," the defendant, deposited approximately $4,500 in narcotics proceeds into a bank account controlled by DEANNA SALMON, the defendant, at a bank located in New York, New York.

   j. On or about August 17, 2012, ONEIL WILSON, a/k/a "O," the defendant, provided narcotics proceeds to ELIE MARCELIN, a/k/a "Eli," the defendant.

   k. On or about August 24, 2012, ZULETA-PALAEZ and JEAN CARLOS PINEDA-ZAPATA, a/k/a "Poposky," the defendant, traveled from New York, New York to Worcester, Massachusetts, in possession of approximately one kilogram of heroin.

   l. On or about September 5, 2012, MARCELIN and CUNTO possessed approximately five pounds of marijuana.

   m. On or about September 19, 2012, CHRISTIAN GUZMAN, the defendant, had a discussion with CARVAJAL-HURTADO about purchasing cruise tickets for LUIS ARTEAGA, JR., and KATIE HERNANDEZ, the defendants, to import approximately five kilograms

of cocaine into the United States by cruise ship.

   n.   On or about September 25, 2012, GUZMAN arranged for ARTEAGA and HERNANDEZ to obtain passports in New York, New York.

   o.   On or about September 30, 2012, ERROL CLARKE, a/k/a "Bert," the defendant, provided WENDY SORROZA, the defendant, with a suitcase containing approximately $36,000 in narcotics proceeds.

   p.   On or about September 30, 2012, SORROZA attempted to transport a suitcase containing approximately $36,000 in narcotics proceeds from New York to SALMON in California.

   q.   In or about October 2012, CARVAJAL-HURTADO and NELSON DE JESUS ARIAS-VALENCIA, a/k/a "Mijo," the defendant, arranged for approximately five kilograms of cocaine to be provided to ARTEAGA and HERNANDEZ in Colombia, for importation into the United States.

   r.   On or about October 11, 2012, ESTRADA and JOHN MAURICIO ZAPATA-FLORES, a/k/a "Pepe," the defendant, traveled to Miami, Florida, in anticipation of the arrival of ARTEAGA and HERNANDEZ with the approximately five kilograms of cocaine referenced in paragraph q above.

   s.   On or about October 12, 2012, ARTEAGA and HERNANDEZ entered the United States in Miami, Florida, by cruise

6

ship, in possession of approximately five kilograms of cocaine.

        t.    On or about November 19, 2012, SORROZA provided a sample of heroin at SALMON's direction to a courier for RUBEN DARIO RESTREPO-HOYOS, a/k/a "El Loco," a/k/a "El Viejo," a/k/a "Alex Tamayo," the defendant.

(Title 21, United States Code, Section 846.)

### COUNT TWO

The Grand Jury further charges:

        5.    From at least in or about March 2012, up to and including in or about December 2012, in the Southern District of New York and elsewhere, BYRON ESTRADA, SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," CHRISTIAN GUZMAN, SANTIAGO POSADA, a/k/a "Tostada," JEAN TYRONE CARVAJAL-HURTADO, a/k/a "Tairo," JUAN DIEGO ARROYAVE-PEREZ, a/k/a "Spagos," a/k/a "Espago," JUAN FERNANDO TORRES-PALACIO, a/k/a "Pinito," JUAN MAURICIO ZAPATA-FLORES, a/k/a "Pepe," NELSON DE JESUS ARIAS-VALENCIA, a/k/a "Mijo," JOSE LUIS AVENDANO-OSORIO, a/k/a "Primo," LUIS ARTEAGA, JR., and KATIE HERNANDEZ, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

        6.    It was a part and an object of the conspiracy that BYRON ESTRADA, SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," CHRISTIAN GUZMAN, SANTIAGO POSADA, a/k/a

"Tostada," JEAN TYRONE CARVAJAL-HURTADO, a/k/a "Tairo," JUAN DIEGO ARROYAVE-PEREZ, a/k/a "Spagos," a/k/a "Espago," JUAN FERNANDO TORRES-PALACIO, a/k/a "Pinito," JUAN MAURICIO ZAPATA-FLORES, a/k/a "Pepe," NELSON DE JESUS ARIAS-VALENCIA, a/k/a "Mijo," JOSE LUIS AVENDANO-OSORIO, a/k/a "Primo," LUIS ARTEAGA, JR., and KATIE HERNANDEZ, the defendants, and others known and unknown, would and did import into the United States from a place outside thereof schedule I and schedule II controlled substances, in violation of 21 U.S.C. § 952(a).

7. The controlled substances involved in the offense were: (i) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 960(b)(1)(A); and (ii) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii).

Overt Acts

8. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. In or about March 2012, BYRON ESTRADA and SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," the defendants, recruited CC-1 to transport heroin

8

from Colombia to the United States.

b. In or about March 2012, JEAN TYRONE CARVAJAL-HURTADO, a/k/a "Tairo," JUAN DIEGO ARROYAVE-PEREZ, a/k/a "Spagos," a/k/a "Espago," and JUAN FERNANDO TORRES-PALACIO, a/k/a "Pinito," the defendants, provided CC-1 with approximately 2.2 kilograms of heroin in Colombia to import into the United States.

c. On or about March 20, 2012, CC-1 traveled from Colombia to Newark, New Jersey, in possession of approximately 2.2 kilograms of heroin.

d. On or about March 26, 2012, JOSE LUIS AVENDANO-OSORIO, a/k/a "Primo," the defendant, asked CARVAJAL-HURTADO and TORRES-PALACIO to obtain documentary evidence of CC-1's arrest in the United States.

e. On or about August 10, 2012, SANTIAGO POSADA, a/k/a "Tostada," the defendant, had a discussion with CARVAJAL-HURTADO about arranging for two narcotics couriers to import cocaine into the United States by cruise ship.

f. On or about September 19, 2012, CHRISTIAN GUZMAN, the defendant, had a discussion with CARVAJAL-HURTADO about purchasing cruise tickets for LUIS ARTEAGA, JR., and KATIE HERNANDEZ, the defendants, to import approximately five kilograms of cocaine into the United States by cruise ship.

g. On or about September 25, 2012, GUZMAN arranged for ARTEAGA and HERNANDEZ to obtain passports in New

York, New York.

      h.    In or about October 2012, CARVAJAL-HURTADO and NELSON DE JESUS ARIAS-VALENCIA, a/k/a "Mijo," the defendant, arranged for approximately five kilograms of cocaine to be provided to ARTEAGA and HERNANDEZ in Colombia, for importation into the United States.

      i.    On or about October 11, 2012, ESTRADA and JOHN MAURICIO ZAPATA-FLORES, a/k/a "Pepe," the defendant, traveled to Miami, Florida, in anticipation of the arrival of ARTEAGA and HERNANDEZ with approximately five kilograms of cocaine referenced in paragraph h above.

      j.    On or about October 12, 2012, ARTEAGA and HERNANDEZ entered the United States in Miami, Florida, by cruise ship, in possession of approximately five kilograms of cocaine.

(Title 21, United States Code, Section 963.)

## COUNT THREE

The Grand Jury further charges:

9.    From at least in or about 2009, through at least in or about December 2012, in the Southern District of New York and elsewhere, DEANNA SALMON, a/k/a "D," SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," WENDY SORROZA, ELIE MARCELIN, a/k/a "Eli," JOHN PAUL CUNTO, a/k/a "JP," ERROL CLARKE, a/k/a "Bert," and ONEIL WILSON, a/k/a "O," the defendants, and others known and unknown, willfully and knowingly did combine,

conspire, confederate and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i), and 1956(a)(1)(B).

10. It was a part and an object of the conspiracy that DEANNA SALMON, a/k/a "D," SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," WENDY SORROZA, ELIE MARCELIN, a/k/a "Eli," JOHN PAUL CUNTO, a/k/a "JP," ERROL CLARKE, a/k/a "Bert," and ONEIL WILSON, a/k/a "O," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash deposits, represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of illegal narcotics transactions, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

11. It was a further part and an object of the conspiracy that DEANNA SALMON, a/k/a "D," SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," WENDY SORROZA, ELIE MARCELIN, a/k/a "Eli," JOHN PAUL CUNTO, a/k/a "JP," ERROL CLARKE, a/k/a "Bert," and ONEIL WILSON, a/k/a "O," the

defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash deposits, represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of illegal narcotics transactions, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B).

<u>Overt Acts</u>

12.   In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about May 16, 2012, ONEIL WILSON, a/k/a "O," the defendant, made a cash deposit of approximately $3,400 in United States currency into a bank account controlled by DEANNA SALMON, the defendant.

b.   On or about July 31, 2012, ERROL CLARKE, a/k/a

12

"Bert," the defendant, made a cash deposit of approximately $3,400 in United States currency, into a bank account controlled by SALMON.

    c.  On or about August 15, 2012, JOHN PAUL CUNTO, a/k/a "JP," the defendant, made a cash deposit of approximately $4,500 in United States currency into a bank account controlled by SALMON at a bank located in New York, New York.

    d.  On or about August 17, 2012, SALMON instructed ELIE MARCELIN, a/k/a "Eli," the defendant, to make a deposit of approximately $6,000 in United States currency into a bank account controlled by SALMON.

    e.  On or about August 27, 2012, MARCELIN, made cash deposits of approximately $8,000 and $7,000 in United States currency, into two different bank accounts controlled by SALMON.

    f.  On or about August 31, 2012, SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," the defendant, made a cash deposit of approximately $5,000 in United States currency, into a bank account controlled by SALMON.

    g.  On or about September 14, 2012, WENDY SORROZA the defendant, made a cash deposit of approximately $5,000 in United States currency, into a bank account controlled by SALMON.

    (Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATION
(Counts One and Two)

13. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, BYRON ESTRADA, DEANNA SALMON, a/k/a "D," RUBEN DARIO RESTREPO-HOYOS, a/k/a "El Loco," a/k/a "El Viejo," a/k/a "Alex Tamayo," SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," JEAN CARLOS PINEDA-ZAPATA, a/k/a "Poposky," CHRISTIAN GUZMAN, SANTIAGO POSADA, a/k/a "Tostada," WENDY SORROZA, ELIE MARCELIN, a/k/a "Eli," JOHN PAUL CUNTO, a/k/a "JP," ERROL CLARKE, a/k/a "Bert," ONEIL WILSON, a/k/a "O," JEAN TYRONE CARVAJAL-HURTADO, a/k/a "Tairo," JUAN DIEGO ARROYAVE-PEREZ, a/k/a "Spagos," a/k/a "Espago," JUAN FERNANDO TORRES-PALACIO, a/k/a "Pinito," JUAN MAURICIO ZAPATA-FLORES, a/k/a "Pepe," NELSON DE JESUS ARIAS-VALENCIA, a/k/a "Mijo," JOSE LUIS AVENDANO-OSORIO, a/k/a "Primo," LUIS ARTEAGA, JR., KATIE HERNANDEZ, and EDSON RODRIGUEZ, a/k/a "Pele," the defendants, shall forfeit to the United States pursuant to 21 U.S.C. §§ 853 and 970, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

14

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846, 853, 960 and 970.)

<u>FORFEITURE ALLEGATION</u>
(Count Three)

  15. As a result of committing the money laundering offenses alleged in Count Three of this Indictment, DEANNA SALMON, a/k/a "D," SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a "Sebastian," a/k/a "Ronaldo," WENDY SORROZA, ELIE MARCELIN, a/k/a "Eli," JOHN PAUL CUNTO, a/k/a "JP," ERROL CLARKE, a/k/a "Bert," and ONEIL WILSON, a/k/a "O," the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the offense and all property

15

traceable to such property.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 982(a)(1) and 982(b).)

_____ _____
FOREPERSON (dep)           PREET BHARARA
                           United States Attorney

16

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

BYRON ESTRADA, DEANNA SALMON, a/k/a "D,"
RUBEN DARIO RESTREPO-HOYOS, a/k/a "El Loco,"
a/k/a "El Viejo," a/k/a "Alex Tamayo,"
SERGIO SEBASTIAN ZULETA-PALAEZ, a/k/a
"Sebastian," a/k/a "Ronaldo,"
JEAN CARLOS PINEDA-ZAPATA, a/k/a "Poposky,"
CHRISTIAN GUZMAN, SANTIAGO POSADA, a/k/a
"Tostada," WENDY SORROZA,
ELIE MARCELIN, a/k/a "Eli," JOHN PAUL CUNTO,
a/k/a "JP," ERROL CLARKE, a/k/a "Bert,"
ONEIL WILSON, a/k/a "O," JEAN TYRONE
CARVAJAL-HURTADO, a/k/a "Tairo," JUAN DIEGO
ARROYAVE-PEREZ, a/k/a "Spagos," a/k/a
"Espago," JUAN FERNANDO TORRES-PALACIO,
a/k/a "Pinito," JUAN MAURICIO ZAPATA-FLORES,
a/k/a "Pepe," NELSON DE JESUS ARIAS-
VALENCIA, a/k/a "Mijo," JOSE LUIS AVENDANO-
OSORIO, a/k/a "Primo," LUIS ARTEAGA, JR.,
KATIE HERNANDEZ, and EDSON RODRIGUEZ, a/k/a
"Pele,"

Defendants.

## SEALED INDICTMENT

S10 12 Cr. 859 (VM)

(Title 21, United States Code,
Sections 846, 963; Title 18, United States
Code, Section 1956(h).)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

_Kathleen Junick (dep)_
Foreperson.

4/3/13 - Filed Sealed Superseding Indictment.
ae   S/W issued.
                         Judge Fox
                         US MJ