UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA      :
                              :
        - v. -                :
                              :
LUIS ARTEAGA, JR.,            :
                              :
            Defendant.        :
                              :
- - - - - - - - - - - - - - - x

**ORDER**

S10 12 Cr. 859 (VM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/13

        WHEREAS, with the defendant's consent, his guilty plea allocution was made before a United States Magistrate Judge on October 9, 2013;

        WHEREAS, a transcript of the allocution was made and thereafter was transmitted to the District Court; and

        WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea;

        IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

SO ORDERED:

Dated:   New York, New York
         November 7, 2013


                    THE HONORABLE VICTOR MARRERO
                    UNITED STATES DISTRICT JUDGE
                    SOUTHERN DISTRICT OF NEW YORK



**U.S. Department of Justice** 

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 20, 2013

Joshua Dratel, Esq.
2 Wall Street, 3rd Floor
New York, NY 10005

     **Re:**   <u>**United States v. Luis Arteaga, Jr.**</u>
           **S10 12 Cr. 859 (VM)**

Dear Mr. Dratel:

     On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Luis Arteaga, Jr. ("the defendant") to Count One of the above-referenced Indictment.

     Count One charges the defendant with conspiring to distribute and possess with the intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, thereby triggering the enhanced statutory sentencing provisions of Title, 21 United States Code, Section 841(b)(1)(A). Under the terms of this agreement, however, the Government will accept a guilty plea to the lesser-included offense of conspiracy to distribute and possess with the intent to distribute 500 grams and more of mixtures and substances containing a detectable amount of cocaine, from in or about March 2012, up to and including in or about December 2012, in violation of Title 21, United States Code, Sections 841(b)(1)(B) and 846.

     As a result, Count One carries a maximum term of 40 years' imprisonment; a mandatory minimum term of five years' imprisonment; a maximum fine of the greatest of Title, 21 United States Code, Section 841(b)(1)(A), twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; a $100 special assessment; a maximum lifetime term of supervised release; and a mandatory minimum term of four years' supervised release.

     In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for conspiring to distribute and possess with the intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, from at least in or about March 2012, up to and including in or about December 2012, as alleged in Count One of the Indictment. In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect

03.30.2012

Joshua Dratel, Esq.
September 20, 2013
Page 2 of 7

to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count One of the Indictment and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money representing any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense and any and all property used and intended to be used in any manner and part to commit and to facilitate the offense alleged in Count One of the Indictment (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A.    Offense Level

   1.    The applicable Guidelines manual is the United States Sentencing Commission Guidelines Manual, incorporating guidelines amendments effective November 1, 2012, and earlier.

   2.    The base offense level for Count One is 32, pursuant to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(4), because the defendant conspired to distribute and possess with the intent to distribute at least 5 kilograms of cocaine but less than 15 kilograms of cocaine.

   3.    Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional one-level reduction is warranted, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 29.

03.30.2012                                    2

Joshua Dratel, Esq.
September 20, 2013
Page 3 of 7

> B.    Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has three criminal history points, calculated as follows:

> 1.    The defendant was convicted in New York State Supreme Court, Kings County, on or about February 21, 2008, for Attempted Gang Assault in the Second Degree, in violation of Section 120.06 of the New York Penal Law, for which he received a sentence of five years' probation.  Pursuant to U.S.S.G. § 4A1.1(c), this sentence yields one criminal history point.

> 2.    Because the defendant committed the instant offense while serving a criminal justice sentence, specifically the term of probation described in Paragraph B.1 above, two criminal history points are added, pursuant to U.S.S.G. § 4A1.1(d).

In accordance with the above, the defendant's Criminal History Category is II.

> C.    Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 97 to 121 months' imprisonment (hereinafter "the Stipulated Guidelines Range"), with a mandatory minimum term of 60 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2.  At Guidelines level 29, the applicable fine range is $15,000 to $5,000,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted.  Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein.  Nor will either party suggest that the Probation Office consider such a departure or adjustment under the Guidelines, or suggest that the Court *sua sponte* consider any such departure or adjustment.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Office consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to

Joshua Dratel, Esq.
September 20, 2013
Page 4 of 7

present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 97 to 121 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a

03.30.2012                                    4

Joshua Dratel, Esq.
September 20, 2013
Page 5 of 7

Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $5,000,000, and the Government agrees not to appeal any fine that is greater than or equal to $15,000.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady* v. *Maryland,* 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences. The defendant acknowledges that he has discussed the possible immigration consequences (including deportation) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such

Joshua Dratel, Esq.
September 20, 2013
Page 6 of 7

prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

**[SPACE INTENTIONALLY LEFT BLANK]**

03.30.2012                                             6

Joshua Dratel, Esq.
September 20, 2013
Page 7 of 7

     Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant.  No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

          Very truly yours,

          PREET BHARARA
          United States Attorney

By:                        

          Timothy T. Howard
          Assistant United States Attorney
          (212) 637-2308

          APPROVED:

          Jenna Dabbs
          Chief, Narcotics Unit

AGREED AND CONSENTED TO:

Luis Arteaga, Jr.                   10/9/13
                                      DATE

APPROVED:

Joshua Dratel, Esq.                10/9/13
Attorney for Luis Arteaga, Jr.                        DATE

03.30.2012                              7

1

DA9XartP(sm)

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,
                  v.                      12 Crim. 859 (GWG)
 4
     LUIS ARTEAGA, JR.,
 5
                  Defendant.
 6
     ------------------------------x
 7
                                          New York, New York
 8                                        October 9, 2013
                                          11:25 a.m.
 9

10   Before:

11               HON. GABRIEL W. GORENSTEIN,

12                                        Magistrate Judge

13                       APPEARANCES

14

15       PREET BHARARA,
         United States Attorney for the
16       Southern District of New York
     BY:  TIMOTHY T. HOWARD,
17       Assistant United States Attorney

18   JOSHUA L. DRATEL
         Attorney  for Defendant
19

20

21

22

23

24

25

DA9XartP(sm)

1            (In open court; case called)

2            MR. HOWARD:  Good afternoon, your Honor, Timothy

3    Howard for the government.

4            MR. DRATEL:   Joshua L. Dratel, your Honor, for Mr.

5    Arteaga, who is standing beside me.

6            THE COURT:  Sir, I have a form that says that you

7    understand you have a right to have this plea taken by a United

8    States District Judge, and you are agreeing to have it taken by

9    a United States Magistrate Judge.  Is that correct?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  I am going to ask the clerk to swear you

12   in.

13            (Defendant sworn)

14           THE COURT:  Alright, I understand there needs to be an

15   arraignment on the indictment?

16           MR. HOWARD:  The defendant needs to be arraigned on

17   the S10 superseder.

18           THE COURT:  I have before me an indictment.

19           Count One of the indictment charges conspiracy to

20   violate the narcotics laws of the United States.  It is alleged

21   to have occurred between March 2012 and December 2012, that the

22   controlled substances involved were a kilogram or more of

23   heroin, five kilograms or more of cocaine, 50 kilograms or more

24   of marijuana.

25           The charge in Count Two is that -- I'm sorry, the

3

DA9XartP(sm)

1    charge in Count One is a conspiracy between March 2012 and

2    December 2012.  The charge in Count Two is the same time period

3    and the charge is that the defendants conspired to violate the

4    narcotics laws of the United States.  And there was an object

5    of the conspiracy that the defendant and others would import

6    into the United States a kilogram or more of heroin, and five

7    kilograms or more of cocaine.

8              Is that it for the counts the defendant is charged in?

9              MR. HOWARD:  Yes, your Honor, those are the counts the

10   defendant is charged with, identical as to this defendant as

11   per the prior indictment, just a different co-defendant. the

12   charges are not changing with respect to Mr. Arteaga.

13             THE COURT:  Counsel, have you seen this indictment?

14             MR. DRATEL:  Yes, I have.

15             THE COURT:  Have you reviewed it with your client?

16             MR. DRATEL:  Yes, I have, your Honor.

17             THE COURT:  Are you waiving any public reading?

18             MR. DRATEL:  Waive the reading and plead not guilty.

19             THE COURT:  You are pleading guilty to at least part

20   of it right now, right?

21             MR. DRATEL:  The technical part is (b)(1)(A), we are

22   pleading not guilty to that.  There is a lesser included

23   offense of a (b)(1)(B) that he will be pleading guilty to, your

24   Honor.

25             MR. HOWARD:  In addition, the defendant is also not

4

DA9XartP(sm)

1    pleading guilty to Count Two.

2              MR. DRATEL:  Right.

3              THE COURT:  Sir, do you understand that any statements

4    you make here could be used against you in a prosecution for

5    perjury and making false statements?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Tell me your full name, sir.

8              THE DEFENDANT:  Luis Arteaga.

9              THE COURT:  What is your age?

10             THE DEFENDANT:  26 years old.

11             THE COURT:  Are you a citizen of the United States?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Are you able to read and write in English?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  What is the extent of your formal

16   education?

17             THE DEFENDANT:  Excuse me?

18             THE COURT:  What is the extent of your formal

19   education?  How far did you go -- Mr. Dratel, it is better if I

20   address the defendant.

21             MR. DRATEL:  Sorry.

22             THE COURT:  How far did you go in school?

23             THE DEFENDANT:  Junior high school.

24             THE COURT:  How old were you when you left school?

25             THE DEFENDANT:  Probably about 15.

DA9XartP(sm)

1      THE COURT:  Are you now or have you recently been

2  under the care of a doctor or a psychiatrist for any reason?

3      THE DEFENDANT:  No, sir.

4      THE COURT:  Have you ever been hospitalized in the

5  past for mental illness?

6      THE DEFENDANT:  No, sir.

7      THE COURT:  For alcoholism?

8      THE DEFENDANT:  No.

9      THE COURT:  For narcotics addiction?

10      THE DEFENDANT:  Yes, sir.

11      THE COURT:  When was that?

12      THE DEFENDANT:  Excuse me?

13      THE COURT:  When were you hospitalized?

14      THE DEFENDANT:  Hospitalized?  No, never.

15      THE COURT:  As you sit here today, are you under the

16  influence of any drug or alcohol?

17      THE DEFENDANT:  No, sir.

18      THE COURT:  Have you been able to understand

19  everything that's been said to you?

20      THE DEFENDANT:  Yes, sir.

21      THE COURT:  Have you seen a copy of the indictment in

22  this case?

23      THE DEFENDANT:  Yes, sir.

24      THE COURT:  Have you read it?

25      THE DEFENDANT:  Yes.

DA9XartP(sm)

1      THE COURT:  Do you understand what it says you did?

2      THE DEFENDANT:  Yes, sir.

3      THE COURT:  Have you had a chance to discuss the

4  charges and how you wish to plead, with your attorney?

5      THE DEFENDANT:  Yes, sir.

6      THE COURT:  Are you satisfied with your attorney's

7  representation of you?

8      THE DEFENDANT:  Yes, sir.

9      THE COURT:  Have you had a full opportunity to discuss

10  this case with him?

11      THE DEFENDANT:  Yes, sir.

12      THE COURT:  Are you ready to enter a plea?

13      THE DEFENDANT:  Yes, sir.

14      THE COURT:  All right, sir, under the terms of this

15  agreement you are pleading to a count that would provide that,

16  charge you with conspiring to distribute or possess with intent

17  to distribute, 500 grams or more of cocaine.  You understand

18  this charge, sir?

19      MR. DRATEL:  Your Honor, Mr. Arteaga just -- if the

20  Court wants me to explain -- his role was not the distribution

21  of it.  Essentially he brought it into the United States, as

22  part of the conspiracy, but not distribution, that was the part

23  that caused him some confusion.

24      THE COURT:  So I will ask you the question again.  Do

25  you understand the charge, sir?

DA9XartP(sm)

1          Shall I repeat it, Mr. Dratel?

2          MR. DRATEL:  Yes.

3          THE COURT:  The charge is that you conspired with

4    others to distribute or possess with intent to distribute 500

5    grams or more of cocaine.

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  You understand?  This is a charge of

8    conspiracy that you had an agreement with others that somebody

9    was going to distribute this cocaine?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  You understand this?  Yes or no?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  How do you wish to plead to this charge,

14   guilty or not guilty?

15         THE DEFENDANT:  Guilty.

16         THE COURT:  Sir, I want you to understand that this

17   charge carries a mandatory minimum term of imprisonment of five

18   years, and a maximum term of imprisonment of 40 years.  Also a

19   $5 million fine, or twice what was gained because of the crime,

20   or twice what someone lost because of the crime.  Also a $100

21   special assessment.

22         In addition, sir, there is also a mandatory minimum

23   charge of supervised release of four years.  And a maximum

24   lifetime term of supervised release.

25         Do you understand these penalties?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

DA9XartP(sm)

1         THE DEFENDANT:  Yes, sir.

2         THE COURT:  Sir, the 40 years is a maximum possible

3   penalty.  Do you understand that?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  The minimum is five years.  Do you

6   understand that?

7         THE DEFENDANT:  Yes, sir.

8         THE COURT:  Sir, do you understand that if, as part of

9   your sentence, you are placed on a term of supervised release,

10  and if you violate any of the conditions of that release you

11  would placed on an additional term of imprisonment?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  You understand you have a right to plead

14  not guilty to this charge, if you wish, and a right to a jury

15  trial?

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  You understand that if you pled not guilty

18  and went to trial, you would be presumed innocent, and the

19  burden would be on the government to prove your guilt beyond a

20  reasonable doubt?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  All right, sir, I want you to understand

23  there are a number of rights that you would have if you pled

24  not guilty and went to trial.

25        If you went to trial you would be entitled to be

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

DA9XartP(sm)

1    represented by an attorney at all stages of your case.  And if

2    you could not afford to hire an attorney, the Court would

3    provide one to you for free.

4            At a trial you would be entitled to confront and

5    cross-examine any witnesses called by the government to testify

6    against you.  You would be entitled to testify on your own

7    behalf.  You could call witnesses, present evidence, and the

8    Court would issue subpoenas at your request, and compel

9    witnesses to appear.

10           Also at a trial you would not be required to testify

11   against yourself.

12           Sir, do you understand the rights I have just

13   mentioned?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  You understand you give them all up if you

16   plead guilty?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Sir, do you understand that if you enter a

19   guilty plea you will not be able to withdraw the guilty plea?

20   The only remaining step would be the sentencing?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  You understand that the decision as to the

23   appropriate sentence in your case would be entirely up to the

24   judge who sentences you, who will be limited only by what the

25   law requires?

DA9XartP(sm)

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  You understand that even if you are

3   surprised or disappointed by your sentence, you will still be

4   bound by your guilty plea?

5        THE DEFENDANT:  Yes, sir.

6        THE COURT:  Knowing all this, do you still wish to

7   plead guilty to Count One of the indictment?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Have any forces or threats been used

10  either direct or indirect to influence how you plead today?

11       THE DEFENDANT:  No, sir.

12       THE COURT:  Sir, I have a form letter September 20

13  from the government to your attorney.  It contains a plea

14  agreement.  Are you familiar with this letter, sir?

15       THE DEFENDANT:  Yes, sir.

16       THE COURT:  Have you read it?

17       THE DEFENDANT:  Yes, sir.

18       THE COURT:  Did you sign it on the last page?

19       THE DEFENDANT:  Yes, sir.

20       THE COURT:  Sir, before you signed it did you discuss

21  it with your attorney?

22       THE DEFENDANT:  Yes, sir.

23       THE COURT:  Did he explain to you all of its terms and

24  conditions?

25       THE DEFENDANT:  Yes, sir.

DA9XartP(sm)

1           THE COURT:  Apart from what's contained in this

2    letter, sir, have any promises been made to you in order to get

3    you to plead guilty?

4           THE DEFENDANT:  No, sir.

5           THE COURT:  All right, sir, in reviewing this

6    agreement I see it contains an analysis of what we call the

7    sentencing guidelines, would affect any prison term in your

8    case.

9           And it states at the conclusion that a prison term

10   would be between 97 and 121 months in prison.

11          Do you understand this, sir?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Sir, do you understand that the judge who

14   sentences you is not going to be bound by the calculation in

15   this letter?  And he can do his own calculation and come up

16   with a different range.  Do you understand that?

17          THE DEFENDANT:  Sir, yes, sir.

18          THE COURT:  Sir, do you understand that no matter what

19   range he thinks is called for by the guidelines, that range is

20   just one of many factors the judge will consider in determining

21   your sentence?

22          And he has discretion to give you a sentence below the

23   guideline range or above, anywhere up to the maximum sentence

24   of 30 years in prison.  Do you understand that, sir?

25          THE DEFENDANT:  Sir, yes, sir.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

12

DA9XartP(sm)

1       THE COURT:  Going below the range there is a minimum
2  of 60 months in prison.  Do you recall that, sir?
3       THE DEFENDANT:  Yes, sir.
4       THE COURT:  Under the terms of this agreement, if you
5  get a prison sentence of 121 months or less, you are giving up
6  your right to appeal that sentence, or challenge it in any
7  other way, such as through a writ of habeas corpus.  Do you
8  understand that, sir?
9       THE DEFENDANT:  Sir, yes, sir.
10      THE COURT:  Sir, is your plea voluntary?  That is,
11 made of your own free will?
12      THE DEFENDANT:  Yes, sir.
13      THE COURT:  Did you, in fact, commit the offense that
14 is charged in Count One of the indictment?
15      THE DEFENDANT:  Yes, sir.
16      THE COURT:  Before I ask you to tell me what you did I
17 am going to ask the government to tell me the elements of the
18 offense, and if they wish, to tell me any evidence they would
19 offer at trial.
20      MR. HOWARD:  Yes, your Honor.
21      If the case went to trial, the government would prove
22 beyond a reasonable doubt, first, that two or more people made
23 an agreement to violate the narcotics laws of the United
24 States.
25      And, secondly, that the defendant knowingly and

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

DA9XartP(sm)

1    willfully entered into this conspiracy.  We would also show by

2    a preponderance, at least in part, in the Southern District of

3    New York.  And beyond a reasonable doubt the conspiracy

4    involved at least 500 grams of cocaine.

5         In support of these elements the government would

6    offer a number of pieces of evidence, including from

7    cooperating witnesses, from wire intercepts, both in the United

8    States as well as wire intercepts provided the United States

9    government by Colombian authorities.  Documentary evidence such

10   as tickets, travel tickets for a cruise which the defendant

11   transported narcotics, a seizure of narcotics, and a lab

12   report -- lab analysis of the drugs that were seized from the

13   defendant.

14        THE COURT:  All right, sir, can you tell me what it is

15   that you did that makes you guilty?

16        THE DEFENDANT:  Excuse me, sir?

17        THE COURT:  What did you do, sir, tell me?

18        THE DEFENDANT:  I flew to California and went by

19   cruise to Colombia, and brought drugs in the United States.

20        THE COURT:  Did you have an understanding with other

21   people that you were going to do this, sir?

22        THE DEFENDANT:  Excuse me?

23        THE COURT:  Did you have an understanding with other

24   people that you were going to do all this?

25        THE DEFENDANT:  Yes.

DA9XartP(sm)

1      THE COURT:  And did the amount of drugs, did that

2  consist of more than 500 grams of cocaine?  That's half a

3  kilogram.  Was it more than half a kilogram?

4      THE DEFENDANT:  Yes, sir.

5      THE COURT:  Is there a proffer on venue?

6      MR. HOWARD:  The government would charge that the

7  defendant went into Manhattan to get a passport specifically

8  for the purpose of this trip, among other evidence.

9      THE COURT:  Is that correct, sir?

10     THE DEFENDANT:  Yes.

11     THE COURT:  When was this, sir?  This was in 2012 that

12  you did all this?  Last year?

13     THE DEFENDANT:  September 2012.

14     THE COURT:  Anything else from the government?

15     MR. HOWARD:  No, your Honor.

16     THE COURT:  Defense counsel?

17     MR. DRATEL:  No, your Honor.

18     THE COURT:  On the basis of the defendant's responses

19  to my questions, and my observations of his demeanor, I find he

20  is fully competent to enter an informed plea at this time.

21     I also conclude that he understands the nature of the

22  charge and the consequences of the plea.

23     Finally, I am satisfied that the plea is voluntary and

24  that there is a factual basis for it.

25     Accordingly, I recommend that the plea to Count One be

15

DA9XartP(sm)

1    accepted.

2            Is there a sentencing date?

3            MR. HOWARD:  No, the case is before Judge Marrero.

4    The government will contact chambers as soon as possible to get

5    an actual sentencing date.

6            At this time the government would respectfully request

7    a control date for sentencing so that the probation office can

8    begin work on the presentence investigation report.

9            THE COURT:  January 9, 2014, presentence investigation

10   report is ordered.

11           MR. DRATEL:  Your Honor, I assume it will indicate

12   that I wish to be present?

13           THE COURT:  We will so note.

14           MR. DRATEL:  Thank you, your Honor.

15           THE COURT:  Thank you everyone.

16

17                              o0o

18

19

20

21

22

23

24

25



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 7, 2013

NOV – 8 2013

JUDGE MARRERO

BY HAND

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse, Room 1040
500 Pearl Street
New York, New York 10007

  Re: <u>United States v. Luis Arteaga, Jr.</u>
    S10 12 Cr. 859 (VM)

Dear Judge Marrero,

   The defendant in the above-referenced matter entered a guilty plea on October 9, 2013 before the Honorable Gabriel W. Gorenstein, United States Magistrate Judge.  The Government respectfully requests that Your Honor accept the defendant's guilty plea.  Enclosed please find for your consideration (1) a proposed Order accepting the defendant's plea; (2) a copy of the plea agreement to which the defendant pled guilty; and (3) a transcript of the plea allocution.

   Your Honor has previously scheduled a sentencing hearing in this matter for January 10, 2014 at 10:00 a.m.

      Respectfully yours,

      PREET BHARARA
      United States Attorney

      By:
      Timothy T. Howard/Christopher DiMase
      Assistant United States Attorneys
      (212) 637-2308/2433

Cc:  Joshua Dratel, Esq. (by electronic mail)