LAW OFFICES OF

## JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                                                       STEVEN WRIGHT
—                                                                                            *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

February 24, 2014

**BY ECF**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

                     Re:      *United States v. Arteaga,*
                                   S10 12 Cr. 859-13 (VM)

Dear Judge Marrero:

       This letter is submitted on behalf of Luis Arteaga, whom I represent by CJA appointment in the above-captioned case, in regard to his sentencing, currently scheduled for Friday, February 28, 2014. Last Friday by ECF I filed a letter seeking an adjournment of Mr. Arteaga's sentencing based on the Smarter Sentencing Act ("SSA"), which is pending in Congress. Over the weekend I have obtained additional information not only with respect to the SSA, but also with respect to other cases in which courts in this District and the Eastern District of New York have granted adjournments based on the SSA. As a result, this letter supplements my letter from last Friday.

**A.**      *The Chair of the United States Sentencing Commission's Reaction to the SSA*

       The Chair of the United States Sentencing Commission, the Honorable Patti B. Saris (also a District Judge in the District of Massachusetts), in a News Advisory from the Sentencing Commission, applauded the approval of the Smarter Sentencing Act by the Judiciary Committee, stating

> [t]oday's action by the Senate Judiciary Committee to report
> legislation to reduce severe mandatory minimum penalties for drug

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Honorable Victor Marrero
United States District Judge
Southern District of New York
February 24, 2014
Page 2 of 4

>offenders is an important first step toward addressing federal prison costs and a federal prison population that far exceeds capacity. I am gratified that the Committee acted consistently with several of the specific recommendations the United States Commission made in its 2011 report on mandatory minimum penalties and again to the Committee this fall.
>
>I hope the full Senate and the House of Representatives will act to pass this legislation which will begin to address concerns about prison costs and population to improve the fairness of federal sentences. The Commission will continue to monitor Congress' work on this crucial issue and to evaluate whether amendments to the federal sentencing guidelines may aid in these efforts as well.

Judge Saris's remarks reflect a broader set of interests with longterm salutary effects for the criminal justice system and the U.S. as a whole – "fairness of federal sentences" and "concerns about prison costs and population" – in contrast to the narrow objections raised by the United States Attorney's Office in other cases that adjourning sentencing would create a short term backlog at the Metropolitan Correctional Center ("MCC") and the Metropolitan Detention Center ("MDC").

In addition, the Sentencing Commission has proposed an amendment that would reduce all drug offense levels by two levels. The Commission requested public comment on this proposed amendment and has scheduled a public hearing for March 13, 2014. The Guideline change in the drug quantity table would become effective concurrent with issuance of the November 2014 Sentencing Guidelines Manual. In a Sentencing Commission release connected with that amendment, Judge Saris explained that "the Commission's proposal reflects its priority of reducing costs of incarceration and over capacity of prisons, without endangering the public safety."

**B.**     *Other Cases In Which Requests for Adjournments Have Been Made*

Since Friday I have had the opportunity to collect from colleagues examples of other cases in which courts have granted adjournments of sentencing based on the SSA.

In *United States v. Medina*, 09 Cr. 983(DAB), Judge Deborah A. Batts adjourned sentencing 11 months *sine non*, which be at a date after the adoption of the Proposed Amendment reducing the offense levels for drug quantity. Judge Batts also based her decision on the SSA.

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Honorable Victor Marrero
United States District Judge
Southern District of New York
February 24, 2014
Page 3 of 4

In *United States v. Tingham*, 11 Cr. 1040 (SHS), Judge Sidney H. Stein stayed sentencing for three months, *see* Docket #239, after a January 30, 2014, application by defense counsel in that case. *But see United States v. Olivares*, 05 Cr. 6094 (SHS), 2006 WL 2057188, at 4* ("Olivares has cited no law establishing a defendant's right to have his sentencing adjourned on the chance that an intervening change in the law might work to his benefit.").

In *United States v. Bones*, 11 Cr. 0444 (RRM), last Friday, in the Eastern District of New York, Judge Rosalyn R. Mauskopf adjourned sentencing 60 days, and scheduled a status conference at that time for an update on the SSA's progress.

In *United States v. Suarez*, 12 CR. 71 (ADS), in the Eastern District of New York, Judge Arthur D. Spatt adjourned sentencing for three months.

Similarly, in *United States v. Sannie Larry*, also in the Eastern District of New York, Judge I. Leo Glasser, adjourned sentencing for three months.

In *United States v. England*, 13 Cr. 18 (SRU), in the District of Connecticut, Judge Stefan R. Underhill adjourned sentencing based on the SSA.

In *United States v. Knowles, et al.*, 11 Cr. 630 (KMK) Judge Kenneth M. Karas stayed the issuance of Judgments indefinitely in the cases of two sentenced defendants. *See* Docket #884. The defendants Tyree Hughes and Travis Robinson made these applications based upon the fact that the Judiciary Committee approved the Act and sent it to the floor of the U.S. Senate for a vote. These applications also noted that a similar bill was presently before the House Judiciary Committee. In addition defense counsel for both defendants also noted that on January 17th, the Sentencing Commission issued the proposed drug quantity amendment that would reduce the guidelines by two levels. Mr. Hughes faced a mandatory minimum five-year sentence and received a sentence of 70 months' imprisonment. Mr. Robinson faced a mandatory ten-year sentence and received the mandatory minimum sentence of 120 months' imprisonment.

I am aware of two cases in which courts have denied adjournments. In *United States v. Camacho*, 13 Cr. 58 (KBF), Judge Katherine B. Forrest denied the defendant's application for an adjournment. According to defense attorneys in that case, Judge Forrest stated that the SSA and proposed Guidelines amendment could be argued at sentencing, but informed the parties that even if the SSA were already in effect she would not only sentence the defendant above the ten-year mandatory minimum term, but, based on aggravating factors pertinent to that defendant, above even his Guidelines range. Also, in *United States v. Moye*, 12 Cr. 862 (AJN), Judge Allison J. Nathan denied the defendant's application for an adjournment without explanation.

Here, Mr. Arteaga faces a five-year mandatory minimum sentence pursuant his plea of

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Honorable Victor Marrero
United States District Judge
Southern District of New York
February 24, 2014
Page 4 of 4

guilty to a violation 21 U.S.C. § 841(b)(1)(B).  His involvement was serving as a courier of cocaine into the United States, and he was arrested disembarking a cruise ship in Miami.  He pleaded guilty early in the case, before filing motions or contesting the charges in any way.  It is respectfully submitted that Mr. Arteaga should not be penalized for accepting responsibility at a very early stage, and thereby losing the opportunity to benefit from subsequent ameliorative changes in sentencing law and practice.  Also, in the context of the sentences imposed on other, more culpable co-defendants in the case, and as will be set forth in the sentencing submission on Mr. Arteaga's behalf (which will include other mitigating factors as well), the mandatory minimum term represents a term longer than Mr. Arteaga might otherwise merit.

Accordingly, it is respectfully requested that this Court adjourn Mr. Arteaga's sentence pending Congressional action on the Smarter Sentencing Act, which could have an impact on Mr. Arteaga's sentencing.

Respectfully Submitted,

Joshua L. Dratel

JLD/

cc:   Timothy T. Howard
      Assistant United States Attorney